UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| ANTHONY AZZARETTO, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 4:22-CV-00121-O |
| | § | |
| LEELIN TAYAG HARRINGTON, | § | |
| | § | |
| Defendant. | § | |

## MEMORANDUM OPINION & ORDER

Before the Court are Defendant's Motion to Dismiss or Transfer (ECF No. 4), filed February 18, 2022; Plaintiff's Response (ECF Nos. 8–10), filed March 4; Defendant's Reply (ECF Nos. 11–12), filed March 11; Defendant's Motion to Strike (ECF No. 13), filed March 11; and Plaintiff's Response (ECF No. 16). The Court **DENIES** Defendant's motions.

### I. BACKGROUND

Anthony Azzaretto and Leelin Harrington were engaged to be married. Def.'s App. Ex. 1, ECF No. 4-3. Harrington immigrated to the United States from the Philippines and now lives in Kansas. Not. of Removal 14–15, ECF No. 1. Azzaretto lives in Texas, where Harrington would visit him. *Id.* at 15. Azzaretto claims that Harrington manipulated him into giving her money, which she must now repay. *Id.* Azzaretto sued Harrington in Texas state court for breach of contract, quantum meruit, unjust enrichment, fraud, negligent misrepresentation, conversion, and "money had and received." *Id.* at 18–21. Harrington removed to federal court. *Id.* at 1–4. She then moved to dismiss for lack of personal jurisdiction and, alternatively, to transfer the case to Kansas. *See* Mot. to Dismiss, ECF No. 4.

## II. LEGAL STANDARD

When a nonresident defendant moves to dismiss for lack of personal jurisdiction, the burden of proof is on the party invoking the district court's jurisdiction. *WNS, Inc. v. Farrow*, 884 F.2d 200, 203 (5th Cir. 1989). "[T]he party who bears the burden need only present a *prima facie* case for personal jurisdiction; proof by a preponderance of the evidence is not required." *D.J. Invs., Inc. v. Metzeler Motorcycle Tire Agent Gregg, Inc.*, 754 F.2d 542, 545–46 (5th Cir. 1985). "[O]n a motion to dismiss for lack of jurisdiction, uncontroverted allegations in the plaintiff's complaint must be taken as true, and conflicts between the facts contained in the parties' affidavits must be resolved in the plaintiff's favor . . . ." *Id.* at 546.

## III. ANALYSIS

### A. Motion to Strike

As a preliminary matter, the Court addresses Harrington's motion to strike (ECF No. 13). Azzaretto filed an appendix alongside his response brief that included a personal declaration. *See* Pl.'s App. Ex. B, ECF No. 10-2. The declaration provides statements supporting Azzaretto's argument that the Court has jurisdiction over Harrington. Harrington moved to strike some of the statements, arguing they are conclusory, lacked support, violated the Federal Rules of Evidence, or were otherwise improper. *See* Mot. to Strike, ECF No. 13. Under Federal Rule of Civil Procedure 12(f), a "court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." But Rule 12 applies to pleadings, not motions or declarations. *See Winegarner v. Hartz*, No. 3:17-CV-1507, 2018 WL 718478, at *3 (N.D. Tex. Jan. 16, 2018), *report and rec'n adopted*, No. 3:17-CV-1507, 2018 WL 704852 (N.D. Tex. Feb. 5, 2018). In any event, Harrington invokes no authority at all justifying the Court striking those statements from the record. The Court thus **DENIES** the motion to strike.

### B. Motion to dismiss for lack of personal jurisdiction.

"A federal district court sitting in diversity may exercise personal jurisdiction over a foreign defendant if (1) the long-arm statute of the forum state creates personal jurisdiction over the defendant; and (2) the exercise of personal jurisdiction is consistent with the due process guarantees of the United States Constitution." *Clemens v. McNamee*, 615 F.3d 374, 378 (5th Cir. 2010). "Because Texas's long-arm statute reaches to the constitutional limits, the question . . . is whether exercising personal jurisdiction over the defendant offends due process." *Id.*

The exercise of "[p]ersonal jurisdiction comports with due process when first, the defendant has the requisite minimum contacts with the forum state and second, requiring the defendant to submit to jurisdiction in the forum state would not infringe on 'traditional notions of fair play and substantial justice.'" *Companion Prop. & Cas. Ins. v. Palermo*, 723 F.3d 557, 559 (5th Cir. 2013) (quoting *Asahi Metal Indus. Co. v. Superior Court*, 480 U.S. 102, 105 (1987)). When a nonresident defendant "purposefully avail[s] himself of the benefits of the forum state, so that he 'should reasonably anticipate being haled into court' there," the defendant's conduct establishes minimum contacts. *Id.* (quoting *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 474 (1985)).

### 1. Minimum Contacts

"There are two types of minimum contacts: contacts that give rise to specific personal jurisdiction and those that give rise to general jurisdiction." *Clemens*, 615 F.3d at 378. Azzaretto claims the Court has specific personal jurisdiction. *See* Pl.'s Resp. Br. 6, ECF No. 9. "Specific jurisdiction exists when the defendant has purposefully directed his activities at residents of the forum and the litigation results from alleged injuries that arise out of or relate to those activities." *Id.* (cleaned up). "[A]n individual's contract with an out-of-state party *alone* [cannot] automatically establish sufficient minimum contacts in the other party's home forum." *Burger*

3

*King*, 471 U.S. at 478. Rather, a court looks at "prior negotiations and contemplated future consequences, along with the terms of the contract and the parties' actual course of dealing" to determine whether a defendant has minimum contacts with the forum. *Id.* at 479.

The Court has specific personal jurisdiction over Harrington. Azzaretto claims that Harrington's repeated visits to his home over a two-year period amounted to approximately 300 days spent in Texas. *See* Azzaretto Decl. 1, ECF No. 10-2. While they were together, Harrington repeatedly borrowed money from Azzaretto that she allegedly agreed to repay. *Id.* at 1–2. Azzaretto also claims that they agreed to purchase a home in the Philippines. *Id.* Because the two believed that only Harrington could legally purchase the home, Azzaretto "tendered performance" on their agreement by depositing funds into Harrington's bank account. *Id.* at 2. Azzaretto claims that all these acts—negotiations, dealing, and performance—took place in Texas. *See Burger King*, 471 U.S. at 478–79. And Harrington's contacts "with the state of Texas cannot be characterized as 'random,' 'fortuitous,' or 'attenuated.'" *Cent. Freight Lines Inc. v. APA Transp. Corp.*, 322 F.3d 376, 383 (5th Cir. 2003). Rather, her contacts were intentional, repeated, and prolonged.

Harrington admits she visited Azzaretto in Texas. She claims, however, that she "has no contract with anyone in Texas," and that none of the negotiations for the alleged contract involved Texas. Def.'s Br. 13, ECF No. 4-1. But those are factual disputes that, at this stage, the Court must resolve in Azzaretto's favor. *See D.J. Invs.*, 754 F.2d at 545–46. The Court finds that the pleadings and evidence demonstrate that Harrington had minimum contacts with Texas.

### 2. Fair Play and Substantial Justice

"Once a plaintiff establishes minimum contacts between the defendant and the forum State, the burden of proof shifts to the defendant to show that the assertion of jurisdiction is unfair and unreasonable." *Cent. Freight Lines*, 322 F.3d at 384. "The defendant must make a 'compelling case'" that the exercise of jurisdiction over the nonresident defendant would offend "traditional

notions of fair play and substantial justice." *Id.* at 384–85 (quoting *Burger King*, 471 U.S. at 478). In doing so, the Court must balance "the burden on the defendant having to litigate in the forum; the forum state's interests in the lawsuit; the plaintiff's interests in convenient and effective relief; the judicial system's interest in efficient resolution of controversies; and the state's shared interest in furthering fundamental social policies." *Wien Air Alaska, Inc. v. Brandt*, 195 F.3d 208, 215 (5th Cir. 1999).

The Court concludes that asserting jurisdiction in this case would not offend traditional notions of fair play and substantial justice. Defendant says that being forced to litigate in this Court "would be a tremendous burden on [her] finances." Def.'s App. Ex. 1, ECF No. 4-3. Even so, "Texas would seem to have an interest in adjudicating its domiciliary's alleged breach of contract . . . claims that is sufficient to satisfy Due Process concerns about traditional notions of fair play and substantial justice." *Cent. Freight Lines*, 322 F.3d at 384–85. And Azzaretto's "interest in obtaining convenient and effective relief also suggests that the [Northern] District of Texas is not an unfair or unjust place to litigate this dispute." *Id.* at 385. Harrington's remaining arguments reiterate her concern that she could be forced to travel to Texas to litigate this case. But that inconvenience is not so great as to amount to a "compelling case" that the exercise of jurisdiction over Harrington would offend "traditional notions of fair play and substantial justice." *Id.* at 384–85. Azzaretto has thus established a prima facie case for personal jurisdiction. *See D.J. Invs.*, 754 F.2d at 545–46. Accordingly, the Court **DENIES** the motion to dismiss.

### C. Motion to transfer

In the alternative, Harrington moves to transfer this case to the United States District Court for the District of Kansas. Under federal venue rules,

> A civil action may be brought in--

5

>    (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;
>
>    (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or
>
>    (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b).

Harrington, the only defendant, resides in Kansas, so the District of Kansas is proper under § 1391(b)(1). Because the action "might have been brought" in Kansas, the Court may transfer the case to the District of Kansas if doing so would serve "the convenience of parties and witnesses," or "the interest of justice." *Id.* § 1404(a). The Court considers, among other things, (1) the relative ease of access to sources of proof; (2) the availability of compulsory process to secure the attendance of witnesses; (3) the cost of attendance for willing witnesses; (4) all other practical problems that make trial of a case easy, expeditious, and inexpensive; (5) the administrative difficulties flowing from court congestion; (6) the local interest in having localized interests decided at home; (7) the familiarity of the forum with the law that will govern the case; and (8) the avoidance of unnecessary problems of conflict of laws or in the application of foreign law. *In re Volkswagen of Am., Inc.*, 545 F.3d 304, 315 (5th Cir. 2008) (en banc).

The convenience of the parties and witnesses favor transfer. According to Harrington, all the defense witnesses reside in Kansas. *See* Def.'s App. Ex. 1, ECF No. 4-3. Azzaretto, on the other hand, identifies no witnesses that reside outside Kansas. Much of the property at issue is in Kansas. *See* Not. of Removal 17, ECF No. 1. And none of the judicial or public-interest factors outweigh the convenience of the parties and witnesses in this case. Azzaretto does not contest that Kansas would be a more convenient forum. Indeed, he does not respond at all to Harrington's

motion to transfer. The Court thus finds that transferring this case would aid the convenience of the parties and witnesses and would serve the interests of justice.

### IV. CONCLUSION

For these reasons, the Court **DENIES** the Motion to Strike (ECF No. 13), and **GRANTS in part and DENIES in part** the Motion to Dismiss or Transfer (ECF No. 4). The Court **ORDERS** that this case is transferred to the United States District Court for the District of Kansas under 28 U.S.C. § 1404.

**SO ORDERED** this **29th day** of **March, 2022**.

*[signature]*
Reed O'Connor
**UNITED STATES DISTRICT JUDGE**